Cicek v. Sessions

BIA
Poczter, IJ
A097 515 600

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand eighteen.

PRESENT:
> RALPH K. WINTER,
> DENNIS JACOBS,
> GERARD E. LYNCH,
>     *Circuit Judges.*

_____

YALCIN CICEK,
>     *Petitioner,*

v.                                          16-2982
                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yalcin Cicek, a native and citizen of Turkey, seeks review of a July 29, 2016, decision of the BIA affirming an April 10, 2015, decision of an Immigration Judge ("IJ") denying him withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yalcin Cicek,* No. A097 515 600 (B.I.A. July 29, 2016), *aff'g* No. A097 515 600 (Immig. Ct. N.Y. City Apr. 10, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the alternative burden finding that was not considered by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009). The agency did not err in finding that Cicek failed to satisfy his burden of corroborating that he is Alevi and

that he suffered and is likely to suffer harm in Turkey on that account.

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see id.* § 1231(b)(3)(C); *see also Chuilu Liu*, 575 F.3d at 196-97. However, "[w]here the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). Cicek does not challenge the decision to require corroboration, but rather argues that the corroborating evidence he did submit was sufficient.

We disagree. The agency did not err in concluding that Cicek failed to provide reasonably available, reliable evidence that he is of the Alevi faith and that he and his family suffered physical attacks and harassment on that account. As an initial matter, the IJ did not err in

3

declining to credit unsworn statements from Cicek's parents because they were interested parties who were not available for cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Contrary to Cicek's contentions, the IJ was not required to explain whether his parents' testimony was available telephonically given that he bore "the ultimate burden of introducing such evidence without prompting from the IJ," *Chuilu Liu*, 575 F.3d at 198, and the IJ was permitted to consider his parents' interest in the outcome of his proceedings regardless of whether they can legally benefit from a grant of asylum, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006) (holding that determination of the weight of evidence is largely matter of agency discretion).

The IJ properly identified the missing evidence. As the IJ noted, Cicek could have obtained more reliable evidence that he is Alevi, such as statements or testimony from Alevis that he is acquainted with in the United States. Cicek also failed to submit reasonably available evidence to support his testimony that he and his family were beaten and harassed in Turkey. The IJ was not required to credit Cicek's unresponsive explanation that he

did not provide a statement or testimony from his uncle who lives in the United States because his uncle arrived in the United States after him or his statement that his uncle "may come" if he is wanted. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Nor did the IJ err in rejecting Cicek's attempts to explain his failure to provide a statement from his brother who is seeking asylum on similar grounds in the United Kingdom because Cicek first stated that he does not speak to his brother, but later testified inconsistently that he could not ask his brother for a statement given that his brother asks him for money all the time. *See id.*

Accordingly, the agency did not err in finding that Cicek failed to satisfy his burden of demonstrating past persecution or a likelihood of persecution or torture on account of his religion. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1231(b)(3)(C). That finding is dispositive of withholding of removal and CAT relief

because those forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).*

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

* Contrary to the BIA's conclusion, Cicek's challenge to the IJ's denial of withholding of removal necessarily challenged the denial of CAT relief because the IJ denied both forms of relief based on Cicek's failure to corroborate.